1  Christopher Lovell
   Craig M. Essenmacher
2  Keith Essenmacher
3  LOVELL STEWART HALEBIAN LLP
   500 Fifth Avenue, Floor 58
4  New York, NY 10110
   Telephone:    (212) 608-1900
5  Facsimile:    (212) 719-4677

6  Francis O. Scarpulla (41059)
7  Craig C. Corbitt (83251)
   Judith A. Zahid (215418)
8  Qianwei Fu (242669)
   ZELLE HOFMANN VOELBEL MASON & GETTE LLP
9  44 Montgomery Street, Suite 3400
   San Francisco, CA 94104
10 Telephone:    (415) 693-0700
11 Facsimile:    (415) 693-0770
   fscarpulla@zelle.com
12 ccorbitt@zelle.com

13 Attorneys for Plaintiffs

14

15              UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17                   OAKLAND DIVISION

18 ANDREW KINDT and TRISTEN WOODS,          ) CASE NO. C07-04938 MEJ
   on behalf of themselves and all           )
19 others similarly situated,                )
                                             ) CLASS ACTION COMPLAINT
20          Plaintiffs,                       )
                                             ) JURY TRIAL DEMANDED
21          v.                                )
   SAMSUNG ELECTRONICS CO., LTD.;            )
22 SAMSUNG SEMICONDUCTOR, INC.;              )
   HYNIX SEMICONDUCTOR, INC.; HYNIX          )
23 SEMICONDUCTOR AMERICA, INC.;              )
   MICRON TECHNOLOGY, INC.;                  )
24 MICRON SEMICONDUCTOR                       )
   PRODUCTS, INC.; LEXAR MEDIA, INC.;        )
25 RENESAS TECHNOLOGY                         )
   CORPORATION; RENESAS TECHNOLOGY           )
26 AMERICA, INC.; TOSHIBA AMERICA, INC.;     )
   TOSHIBA AMERICA                            )
27 ELECTRONIC COMPONENTS, INC.;              )
28 HITACHI, LTD.; HITACHI AMERICA,           )

                         1
                CLASS ACTION COMPLAINT

1    LTD.; HITACHI ELECTRONIC DEVISES          )
     (USA), INC.; MITSUBISHI ELECTRONIC        )
2    CORPORATION; MITSUBISHI                    )
     ELECTRIC & ELECTRONICS USA, INC.;          )
3    MOSEL VITELIC CORPORATION; MOSEL           )
4    VITELIC CORPORATION (USA);                 )
     WINBOND ELECTRONICS                        )
5    CORPORATION; WINDBOND                      )
     ELECTRONICS CORPORATION                    )
6    AMERICA; SANDISK COMPANY; and JOHN         )
7    DOES 1-100,                                )

8         Defendants.

9    _____

10        Plaintiffs, by and through their attorneys, bring this civil action for damages and

11   injunctive relief on behalf of themselves and all others similarly situated against the above

12   named Defendants, and demanding a trial by jury, complain and allege as follows:

13                      **JURISDICTION AND VENUE**

14        1.      This Complaint is filed and instituted under Section 1 of the Sherman Act and

15   Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 1, 15 and 26, and under the laws of the

16   several statues as set forth below, to obtain injunctive relief under federal antitrust laws and

17   to recover treble damages and the cost of suit, including reasonable attorneys' fees under state

18   antitrust and consumer protection laws and restitution under common law, against

19   Defendants for the injuries Plaintiff and members of the Class sustained by means of

20   Defendants' misconduct.

21        2.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and

22   1337, and by the Clayton Act, 15 U.S.C. §§ 15(a) and 27.  The Court also has diversity

23   jurisdiction over this class action pursuant to the Class Action Fairness Act of 2006, which

24   inter alia, amends 28 U.S.C § 1332 to add a new subsection (d) conferring federal jurisdiction

25   over class actions where, as here, any member of a class of plaintiffs is a citizen of a state

26   different from any defendant and the aggregated amount in controversy exceeds five million

27   dollars ($5,000,000.00) exclusive of interests and costs. 28 U.S.C. §§ 1332(d)(2) and (6).

28

1    3.    Venue is proper in this judicial district pursuant to 15 U.S.C. § 22 and 28

2    U.S.C. § 1391(b) and (c) because some of the defendants reside, or are licensed to do

3    business or are doing business, or are found or transact business, in this district and/or the

4    claims arose in this district.

5                                        **DEFINITIONS**

6    4.    Flash Memory ("Flash Memory") means NAND Flash Memory sold during

7    the class period alone and in a multitude of products.  For purposes of this Complaint, Flash

8    Memory excludes all types of dynamic random access memory ("DRAM") and/or static

9    random access memory ("SRAM") sold during the Class Period.

10    5.    As used herein, the term "Class Period" means the time period January 1,

11    1999 through July 16, 2007.

12                                        **THE PARTIES**

13    **A.    Plaintiff**

14    6.    Plaintiff Andrew Kindt, a resident of Macomb County, Michigan indirectly

15    purchased Flash Memory from one or more of the Defendants during the Class Period, for

16    end use and not for resale, and was injured as a result of Defendants' illegal conduct.

17    7.    Plaintiff Tristen Woods, a resident of Los Angeles County, California

18    indirectly purchased Flash Memory from one or more of the Defendants during the Class

19    Period, for end use and not for resale, and was injured as a result of Defendants' illegal

20    conduct.

21    **A.    Defendants**

22    8.    Defendant Samsung Electronics Co. Ltd. is a business entity organized under

23    the laws of South Korea, with its principle place of business at Samsung Main Building 250-

24    2 ga, Taepyung-ro Chung-gu, Seoul, Korea.  During the time period covered by this

25    Complaint, Defendant Samsung Electronics Co. Ltd. manufactured, sold and distributed

26    Flash Memory to customers throughout the United States.

27    9.    Defendant Samsung Semiconductor, Inc. is a wholly owned and controlled

28    subsidiary of Defendant Samsung Electronics Co. Ltd. with its principle place of business at

3

CLASS ACTION COMPLAINT

1  3655 North First Street, San Jose, California 95134. During this time period covered by this

2  Complaint, Defendant Samsung Semiconductor, Inc. sold and distributed Flash Memory to

3  customers throughout the United States. Samsung Electronics Co. Ltd., and Samsung

4  Semiconductor, Inc. are referred to collectively herein as "Samsung."

5      10.    Defendant Hynix Semiconductor, Inc. is a business entity organized under the

6  laws of South Korea, with its principle place of business as SAN 136-1, Ami-Ri Bubal-eub,

7  Ichon-si, Kyongki-do, Korea. During the time period covered by this Complaint, Defendant

8  Hynix Semiconductor, Inc. manufactured, sold and distributed Flash Memory to customers

9  throughout the United States.

10     11.    Defendant Hynix Semiconductor America, Inc. is a wholly owned and

11 controlled subsidiary of Defendant Hynix Semiconductor, Inc. with its principle place of

12 business at 3101 North First Street, San Jose, California 95134. During the time period

13 covered by this Complaint, Defendant Hynix Semiconductor America, Inc. sold and

14 distributed Flash Memory to customers throughout the United States. Hynix Semiconductor,

15 Inc. and Hynix Semiconductor America, Inc. are referred to collectively herein as "Hynix."

16     12.    Defendant Micron Technology, Inc. is a Delaware Corporation with its

17 principal place business at 8000 South Federal Way, Boise, Idaho 83716. During the time

18 period covered by this Complaint, Defendant Micron Technology, Inc. manufactured, sold

19 and distributed Flash Memory to customers throughout the United States.

20     13.    Defendant Micron Semiconductor Products, Inc. is a wholly owned and

21 controlled subsidiary of Defendant Micron Technology, Inc. with its principal place of

22 business at 8000 South Federal Way, Boise Idaho 83716. During the time period covered by

23 this Complaint, Defendant Micron Semiconductor Products, Inc. sold and distributed Flash

24 Memory to customers throughout the United States.

25     14.    Lexar Media, Inc. was acquired by Micron Technology, Inc. in or about June

26 2006. Lexar media, Inc. has its principal place of business at 47300 Bayside Parkway,

27 Fremont, California 94538. During the time period covered by this Complaint, Defendant

28 Lexar Media, Inc. sold and distributed Flash Memory to customers throughout the United

1    States. Lexar Media, Inc., Micron Technology, Inc. and Micron Semiconductor Products,

2    Inc. are referred to collectively herein as "Micron."

3         15.    Defendant Renesas Technology Corporation is a business entity organized

4    under the laws of Japan with its principal place of business at Marunouchi Building , 4-1,

5    Marunouchi 2-chome, Chiyoda-ku Tokyo 100-6334, Japan. Renesas Technology

6    Corporation was established on or about April 1, 2003 as a joint venture of Hitachi and

7    Mitsubishi. During the time period covered by this Complaint, Defendant Renesas

8    Technology Corporation sold and distributed Flash Memory to customers throughout the

9    United States.

10        16.    Defendant Renesas Technology America, Inc. is a wholly owned and

11   controlled subsidiary of Renesas Technology Corporation with its principal place of business

12   at 450 Holger Way, San Jose, California, 95134-1368. During the time period covered by

13   this Complaint, Defendant Renesas Technology America, Inc. sold and distributed Flash

14   Memory to customers throughout the United States. Defendants Renesas Technology

15   Corporation and Renesas Technology America, Inc. are referred to collectively herein as

16   "Renesas."

17        17.    Defendant Toshiba Corporation is a business entity organized under the laws

18   of Japan, having its principle place of business at 1-1, Shibabaura 1-chome, Mnato-ku,

19   Tokyo 105-Japan. During the time period covered by this Complaint, Defendant Toshiba

20   Corporation manufactured, sold and distributed Flash Memory to customers throughout the

21   United States.

22        18.    Defendant Toshiba America, Inc. is a wholly owned and controlled subsidiary

23   of Toshiba Corporation with its principal place of business at 1251 Avenue of the Americas,

24   Suite 4110, New York, New York, 10020. During the time period covered by this

25   Complaint, Defendant Toshiba America, Inc. manufactured, sold and distributed Flash

26   Memory to customers throughout the United States.

27        19.    Defendant Toshiba America Electronic Components, Inc. is a wholly owned

28   subsidiary of Toshiba Corporation with its principal place of business located at 19900

1  MacArthur Boulevard, Suite 400, Irvine, California 92612.  During the time covered by this

2  Complaint, Defendant Toshiba America Electronic Components, Inc. sold and distributed

3  Flash memory to customers throughout the United States.  Toshiba Corporation, Toshiba

4  America Corporation, and Toshiba America Electronic Components, Inc. are referred to

5  collectively herein as "Toshiba."

6      20.    Defendant Hitachi Ltd. is a business entity organized under the laws of Japan,

7  with its principal place of business at 6-1 Marunouchi Center Building 13F Chiyoda-ku,

8  Tokyo, 100-8220, Japan.  During the Class Period, Hitachi, Ltd. sold and distributed Flash

9  Memory to customers throughout the United States.

10     21.    Defendant Hitachi America, Ltd. is a wholly owned and controlled subsidiary

11 of Defendant Hitachi, Ltd.  Hitachi America, Ltd. is a business entity organized under the

12 laws of New York, with its principal place of business at 50 Prospect Avenue, Tarrytown,

13 New York, 10591.  During the Class Period, Hitachi, Ltd. sold and distributed Flash Memory

14 to customers throughout the United States.

15     22.    Defendant Hitachi Electronic Devices (USA), Inc. is a wholly owned and

16 controlled subsidiary of Defendant Hitachi Ltd., and is a business entity with its principal

17 place of business located at 575 Mauldin Road, Greenville, South Carolina 29607.  During

18 the Class Period, Hitachi Electronic Devices (USA), Inc. sold and distributed Flash Memory

19 to customers throughout the United States.  Defendants Hitachi Ltd., Hitachi America Ltd.

20 and Hitachi Electronic Devices (USA), Inc. are referred to collectively herein as "Hitachi."

21     23.    Defendant Mitsubishi Electric Corporation is a business entity organized

22 under the laws of Japan, with its principal place of business located at Tokyo Building 2 7 3,

23 Marunouchi, Chiyoda-ku, Tokyo 100-8310, Japan.  During the time covered by this

24 Complaint, Defendant Mitsubishi Electric Corporation sold and distributed Flash Memory to

25 customers throughout the United States.

26     24.    Defendant Mitsubishi Electric & Electronics USA, Inc. is a wholly owned and

27 controlled subsidiary of Mitsubishi Electric Corporation.  Defendant Mitsubishi Electric &

28 Electronics USA, Inc. is a business entity organized under the laws of Delaware, with its

1   principal place of business located at 500 Corporate Woods Parkway, Vernon Hills, Illinois

2   60061.  During the time covered by this Complaint, Defendant Mitsubishi Electric &

3   Electronics USA, Inc. sold and distributed Flash Memory to customers throughout the United

4   States.  Defendants Mitsubishi Electric Corporation and Mitsubishi Electric & Electronics

5   USA, Inc. are referred to collectively herein as "Mitsubishi."

6       25.     Defendant Mosel Vitelic Inc. maintains its headquarters at No. 19 Li Hsin

7   Road, Hsinchu Science Based Industrial Park, Hsinchu, Taiwan.  During the time covered by

8   this Complaint, Defendant Mosel Vitelic, Inc. sold and distributed Flash Memory to

9   customers throughout the United States.

10      26.     Defendant Mosel Vitelic Corporation is a wholly owned and controlled

11  subsidiary of Mosel Vitelic Inc.  Defendant Mosel Vitelic Corporation is a California

12  corporation, with its principal place of business located at 3910 North First Street, San Jose,

13  California 95134.  During the time covered by this Complaint, Defendant Mosel Vitelic

14  Corporation sold and distributed Flash Memory to customers throughout the United States.

15  Defendants Mosel Vitelic Inc. and Mosel Vitelic Corporation are referred to collectively

16  herein as "Mosel Vitelic."

17      27.     Defendant Winbond Electronics Corporation maintains its headquarters at 4,

18  Creaton Road, 111, Science Based Industrial Park, Hsinchu, Taiwan.  During the time

19  covered by this Complaint, Defendant Winbond Electronics Corporation sold and distributed

20  Flash Memory to customers throughout the United States.

21      28.     Defendant Winbond Electronics Corporation America, Inc. is a wholly owned

22  and controlled subsidiary of Winbond Electronics Corporation.  Defendant Winbond

23  Electronics Corporation America, Inc. is a Delaware corporation, with its principal place of

24  business at 2727 North First Street, San Jose, California 95134.  During the time covered by

25  this Complaint, Defendant Winbond Electronics Corporation America, Inc. sold and

26  distributed Flash Memory to customers throughout the United States.  Defendants Winbond

27  Electronics Corporation and Winbond Electronics Corporation America, Inc. are referred to

28  collectively herein as "Winbond."

CLASS ACTION COMPLAINT

1    29.    Defendant Sandisk Company, is a business entity with its principal place of

2  business at 601 McCarthy Boulevard, Milpitas, CA 95035. During the Class Period, Hitachi,

3  Ltd. sold and distributed Flash Memory to customers throughout the United States.

4                                **CO-CONSPIRATORS**

5    30.    Defendant John Does 1-100 are presently not ascertainable by Plaintiffs and

6  are in the exclusive knowledge of the Defendants. The Complaint in this action will be

7  amended when their true identities are known.

8    31.    The acts alleged in this Complaint have been completed by Defendants and

9  their co-conspirators, or were authorized, ordered or completed by their respective officers,

10  employees or representatives while actively engaged in the management of Defendant's

11  companies.

12    32.    Each of the Defendants named herein acted as an agent or trustee with respect

13  to the acts, violations and common course of conduct alleged herein.

14                    **RELEVANT PRODUCT AND GEOGRAPHIC MARKET**

15    33.    To the extent necessary, the relevant product market is the market for NAND

16  Flash Memory installed in a new unit (such as digital cameras, digital video cameras,

17  computers, mp3 players, digital cellular phones) purchased from a retailer, and/or sold as an

18  upgrade plug in card to existing electronic equipment. The relevant geographic market is the

19  entire United States, and/or the Indirect Purchaser States (as defined below). At all relevant

20  times, including the present, all Defendants' collective market share in the relevant product

21  and geographic markets is a vast majority of the market share.

22                                **CLASS ACTION ALLEGATIONS**

23    34.    Plaintiffs bring this action on behalf of themselves, and on behalf of all others

24  similarly situated. Plaintiffs seek to represent the following class, defined as:

25                All persons and entities residing in the United States who,
           from July 1, 2001 to the present, purchased Flash Memory in the United
26         States indirectly from any of the defendants for their own use and not for
           resale. Excluded from the Class are: governmental entities, any judge,
27         justice or judicial officer presiding over this matter and the members of his
           or her immediate family, Defendants and their co-conspirators, along with
28         their respective parents, subsidiaries and/or affiliates. Also excluded from

this Class are the legal representatives, heirs, successors and attorneys for any excluded person or entity, and any person acting on behalf of any excluded person or entity.

35.    All Class members are hereinafter referred to as the "Class." Subject to additional information obtained through further investigation and discovery.

36.    This action has been brought and may properly be maintained as a class action, pursuant to the provisions of the Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the Class including from a retailer in the United States and/or Indirect Purchaser States (defined below), or the consumer fraud states (defined below) during the Class Period:

    a.    The Class is so numerous that joinder of all members is impracticable. Due to the nature of the trade and commerce involved, the members of the Class are geographically dispersed throughout the Indirect Purchaser States. The precise number of Class members is unknown to Plaintiff. The true number of Class members is likely to be known by Defendants, however, and thus, may be notified of the pendency of this action by published notice or other alternative means. Throughout the period of time covered by this Complaint, Defendants and their co-conspirators engaged in the business of marketing and selling NAND Flash Memory throughout the United States and throughout the Indirect Purchaser States.

    b.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

        i.    whether Defendants formed and operated a combination or conspiracy to fix, raise, maintain or stabilize the prizes of, or allocate the market for, NAND Flash Memory;

9

ii.     whether the combination or conspiracy caused NAND Flash
        Memory prices to be higher than they would have been absent
        the Defendants' conduct.

iii.    the time period of Defendants' combination or conspiracy

iv.     whether the Defendants' alleged conduct caused injury to the
        business or property of Plaintiff and the members of the Class;

v.      the appropriate measure of damages suffered by the Class;

vi.     whether Defendants' conduct violates Section 1 of the Sherman
        Act and the Clayton Act as alleged in Count I;

vii.    Whether the alleged conduct violated the Indirect Purchaser
        States laws concerning antitrust as alleged in Count II of this
        Complaint;

viii.   whether Defendants' conduct violates, unfair competition, and
        consumer protection laws of the other states as alleged below
        in Count III;

ix.     Whether Plaintiffs and the Class have a claim for unjust
        enrichment, and

x.      the appropriate nature of class-wide equitable relief.

c.  Plaintiffs' claims are typical of the claims of the other members of the
    Class it seeks to represent. Defendants' illegal and inequitable
    methods, acts, and trade practices have targeted and affected all
    members of the Class in a similar manner. Furthermore, Plaintiff and
    all members of the Class sustained monetary injury arising out of
    Defendants' wrongful conduct.

d.  Plaintiffs will fully and adequately protect the interests of all members
    of the Class. Plaintiffs have retained counsel who is experienced in
    class action and antitrust litigation. Plaintiffs have no interests which
    are adverse to or in conflict with other members of the Class.

CLASS ACTION COMPLAINT

1   e. A class action is superior to other available methods for the fair and

2     efficient adjudication of this controversy since joinder of all class

3     members is impracticable.  The prosecution of separate actions by

4     individual members of the Class would impose heavy burdens upon

5     the courts, and would create a risk of inconsistent or varying

6     adjudications of the questions of law and fact common to the Class.  A

7     class action, on the other hand, would achieve substantial economies

8     of time, effort, and expense, and would assure uniformity of decision

9     with respect to persons similarly situated without sacrificing

10     procedural fairness or bringing about other undesirable results.

11   f. The interest of members of the Class in individually controlling the

12     prosecution of separate actions is theoretical rather than practical. The

13     Class has a high degree of cohesion, and prosecution of the action

14     through representatives would be unobjectionable.  The damages

15     suffered by the individual class members may be relatively small; and

16     therefore, the expense and burden of individual litigation make it

17     virtually impossible for them to redress the wrongs done to them.

18     Plaintiffs anticipate no difficulty in the management of this action as a

19     class action.

20    **NATURE OF TRADE AND COMMERCE**

21  37. Flash Memory is a type of digital memory circuit that can be easily erased and

22 reformatted.  Flash Memory is non-volatile, (it does not need continuous power to maintain

23 the information stored on the chip).  This makes Flash Memory an exclusive type of memory

24 compared to SRAM and DRAM because of the ability to hold information with no power

25 source.  So in turn, Flash Memory is far better at mobile applications than SRAM and

26 DRAM memory types.

27  38. Flash Memory is used in a multitude of applications, including digital

28 cameras, various memory cards and chips, USB mass storage devices, mp3 players and IPs,

11

1    mobile cellular technology, game consoles, and personal computers.

2        39.    Flash Memory is a separate product sold by Defendants and purchased by

3    Plaintiff and members of the class primarily on capacity and price.

4        40.    Defendants and their co-conspirators engaged in the business of marketing

5    and selling Flash Memory throughout the United States, including the indirect purchaser and

6    consumer fraud states.  During the Class Period, national sales of NAND Flash Memory were

7    in the billions of dollars.

8        41.    The market alleged for the manufacture and sale of Flash Memory is

9    conducive to the type of collusive activity alleged here, as it is subject to high manufacturing

10   and technological barriers to entry.  There are high barriers to entry because efficient

11   fabrication plants are large and expensive.  NAND Flash Memory is subject to comparatively

12   quick technological advances, so that firms within the industry must undertake significant

13   research and development expenses.

14       42.    The Flash Memory market is tightly structured and oligopolistic in nature,

15   with Samsung as the clear market leader.  Toshiba is the next largest market share, with

16   Micron, Hynix, and Renesas the next major market participants. These five manufacturers

17   control over 96.5% of the Flash Memory market.

18       43.    Manufacturers of electronic products and devices, and resellers of Flash

19   Memory modules purchase NAND Flash Memory directly or indirectly from the Defendants.

20   Then in turn, these electronic products and devices and Flash Memory modules are then sold

21   to end consumers.

22   ## DEFENDANTS' ILLEGAL CONDUCT

23       44.    In September 2007, the Antitrust Division of the United States Department of

24   Justice ("DOJ") issued subpoenas to companies regarding an investigation of cartel activity

25   in the NAND Flash memory started a criminal investigation of makers of the flash memory

26   chips that go into cameras and music players, broadening its crackdown on possible price

27   fixing in the semiconductor business from approximately 1998 through at least 2005.  There

28   was a similar action filed against the Defendants for DRAM price fixing. The companies that

1  were investigated by the DOJ include: Samsung, Hynix, Micron, Renesas and Toshiba.  Two

2  of these companies, Samsung and Hynix, have pled guilty to price fixing in the DRAM

3  market and have paid substantial fines to the DOJ for that illegal activity.  Additionally,

4  Elpida Memory, Inc., a DRAM manufacturer created in a partnership by Hitachi, was fined

5  $84 million.  Micron Technologies, one of the top five Flash Memory manufacturer

6  (according to sales), was the amnesty applicant to the U.S. Department of Justice in the

7  DRAM price-fixing investigation and therefore avoided criminal charges and fines.

8          45.     On March 20, 2006, Hynix warned investors that the prices of NAND flash

9  memory could fall as much as 50% for the year.  The next day, Samsung's press release

10  assured the market that prices would stabilize.  As of August 2006, prices reportedly

11  stabilized, to some degree as a result of reduced manufacturing output of Flash memory from

12  manufacturers.

13          46.     Richard Gordon, an analyst at Gartner, Inc., stated that there was probable

14  cartel activity in the entire semiconductor industry, stating, "If the DOJ wanted to, it could

15  just go down every line in the semiconductor industry and find the same issue…That's

16  because there are relatively few number of suppliers in the chip industry and an open flow of

17  communications between competitors and customers, who may not define price fixing the

18  same way the DOJ does."  *See* article, available at http//www.computerworld.com/action/

19  article.do?command=viewArticleBasic&taxonomyName=government&articleID=900556&t

20  axonomyID=13&instrc=kctop>.

21          47.     Third party information sources, such as DRAMeXchange (available at

22  http://www.dramexchange.com), allow Defendants to contemporaneously track each other's

23  Flash Memory prices. Where the exchange measure Flash memory as a commodity and can

24  be manipulated as such.

25          48.     Agreements into collusive behavior within the highly concentrated Flash

26  Memory market is facilitated by Defendants' membership in numerous trade organizations in

27  the semiconductor industry.

28

49.    All of the Defendants are members of a standard-setting group for solid-state technologies, including NAND Flash Memory called the Joint Electron Device Engineering Council ("JEDEC") Solid State Technology Association.

50.    Additionally, Micron and Hynix are among the founding members of the Open Flash Interface ("ONFI") group, whose purpose is to meet and discuss standards and production of NAND Flash products.

51.    Defendants and their co-conspirators have engaged in an agreement between Defendants to contract, to use combination, trust and/or conspiracy, to raise the prices of Flash Memory at supra- competitive prices.

52.    Defendants, through their officers, directors and employees, having made this contract, combination, trust or conspiracy scheme by, among other things:

      a.    Participating in meetings and conversations, including but not limited to, through various trade associations and committees, to discuss the prices of Flash Memory in the United States;

      b.    Agreeing, during those meetings and conversations, to alter or change prices at specified levels and curtailing production at specified levels to increase and maintain prices of Flash Memory sold in the United States;

      c.    Issuing price announcements and price quotes in accordance and concurrence with agreements reached; and

      d.    Selling Flash Memory to various end customers in the United States at non-competitive prices.

53.    Defendants' collusive activity still continues and has had the effect of keeping prices at supra-competitive levels. While average Flash Memory prices began to decline at the end of 2001. Defendants' cartel operated to mitigate those declines so the prices remained at supracompetitive levels.

**FRAUDULENT CONCEALMENT**

54.     The running of any Statute of Limitations has been suspended with respect to any claims which the Plaintiffs and other members of the Class have sustained as a result of the unlawful combination and conspiracy alleged herein and with respect to their rights to injunctive relief by virtue of the federal doctrine of fraudulent concealment. Defendants through various devices and techniques of secrecy affirmatively and fraudulently concealed the existence of the unlawful combination and conspiracy alleged herein.

55.     As a result of the active concealment of the conspiracy by Defendants and their co-conspirators, any and all applicable statues of limitations otherwise applicable to the allegations herein have been tolled.

**VIOLATIONS ALLEGED**

**First Claim for Relief**

**(Violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act)**

56.     Plaintiffs incorporate by reference the allegations above.

57.     Defendants and the un-named conspirators entered into and engaged in a contract, combination, or conspiracy in an unreasonable restraint of trade in violation of the Section 1 of the Sherman Act and Section 4 of the Clayton Act.

58.     The contract, combination, or conspiracy alleged herein has resulted in an agreement or concerted action among the Defendants and their un-named conspirators whereby as a result of these actions and prices charged for flash memory units services were fixed, maintained, and standardized.  The alleged contract, combination, or conspiracy is a per se violation of federal antitrust laws and is at a minimum an unreasonable and unlawful restraint of trade.

59.     As result of defendants' unlawful conduct, plaintiff has suffered damage by paying supra-competitive prices that they would not have had to incur but for the unlawful conduct of defendants as alleged herein.

60.     In formulating and carrying out the alleged agreement, understanding, and conspiracy, the defendants and their co-conspirators did those things that they combined and

1   conspired to do, including but not limited to the acts, practices, and course of conduct set

2   forth above, and the following, among others:

      a.    To fix, raise, maintain and stabilize the price of NAND Flash used in

           the manufacture of consumer products;

      b.    To allocate markets for NAND Flash used in the manufacture of

           consumer products among themselves;

61.   The combination and conspiracy alleged herein has had the following effects, among others:

      a.    Price competition in the sale of NAND Flash has been restrained,

           suppressed, and/or eliminated in the United States;

      b.    Prices for NAND Flash, and therefore for consumer products have

           been fixed, raised, maintained and stabilized at artificially high, non-

           competitive levels throughout the United States; and

      c.    Those who purchased NAND Flash containing products have been

           deprived of the benefits of free and open competition.

62.   Plaintiffs have been injured and will continue to be injured in their business and/or property by paying more for NAND Flash purchased indirectly from the defendants and their co-conspirators than they would have paid and will pay in the absence of the combination and conspiracy.

63.   Plaintiffs and the Class are entitled to an injunction against defendants, preventing and restraining the violations alleged herein.

## Second Claim for Relief

### (Violation of California's Cartwright Act)

64.   Plaintiffs incorporate and reallege, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

65.   Defendants' contract, combination, trust or conspiracy was centered in, carried out, effectuated and perfected mainly within the State of California, and defendant's conduct within California injured all members of the Class throughout the United States.

1 | Therefore, this claim for relief under California law is brought on behalf of all members of
2 | the Class, whether or not they are California residents.

3 |     66.    Beginning at a time presently unknown to plaintiffs, but at least as early as
4 | July 1 2001, and continuing thereafter up to the present, defendants and their co-conspirators
5 | entered into and engaged in a continuing unlawful trust in restraint of the trade and
6 | commerce described above in violation of Section 16720, California Business and
7 | Professional Code. Defendants, and each of them, have acted in violation of Section 16720
8 | to fix, raise, stabilize and maintain prices of, and allocate markets for, NAND Flash used in
9 | the manufacture of consumer products at supra-competitive levels.

10 |     67.    The aforesaid violations of Section 16720, California Business and
11 | Professions Code, consisted, without limitation, of a continuing unlawful trust and concert of
12 | action among the defendants and their co-conspirators, the substantial terms of which were to
13 | fix, raise, maintain and stabilize the prices of, and to allocate markets for, NAND Flash used
14 | in the manufacture of consumer products.

15 |     68.    For the purpose of forming and effectuating the unlawful trust, the defendants
16 | and their co-conspirators have done those things which they combined and conspired to do,
17 | including but in no way limited to the acts, practices and course of conduct set forth above
18 | and the following:

19 |     a.    to fix, raise, maintain and stabilize the price of NAND Flash;
20 |     b.    to allocate markets for NAND Flash NAND Flash used in the
21 |     manufacture of consumer products;
22 |     c.    to submit rigged bids for the award and performance of NAND Flash
23 |     used in the manufacture of consumer products contracts; and
24 |     d.    to allocate amongst themselves the production of NAND Flash used in
25 |     the manufacture of consumer products.

26 |     69.    The combination and conspiracy alleged herein has had, inter alia, the
27 | following effects:

28 |

price competition in the sale of NAND Flash used in the manufacture of consumer products has been restrained, suppressed and/or eliminated in the State of California and throughout the United States;

prices for NAND Flash sold by defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels in the State of California and throughout the United States; and

those who purchased NAND Flash from defendants and their co-conspirators have been deprived of the benefit of free and open competition.

70.    Plaintiffs and the other members of the Class paid supra-competitive, artificially inflated prices for NAND Flash used in the manufacture of consumer products.

71.    As a direct and proximate result of defendants' unlawful conduct, plaintiffs and the members of the Class have been injured in their business and property in that they paid more for NAND Flash used in the manufacture of consumer products than they otherwise would have paid in the absence of defendants' unlawful conduct. As a result of defendants' violation of Section 16720 of the California Business and Professions Code, plaintiffs seek treble damages and the costs of suit, including reasonable attorneys' fees, pursuant to Section 16750(a) of the California Business and Professions Code.

### Third Claim for Relief

### (Violation of California's Unfair Competition Law)

72.    Plaintiffs incorporate and reallege, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

73.    Defendants' business acts and practices were centered in, carried out, effectuated and perfected mainly within the State of California, and defendant's conduct within California injured all members of the Class throughout the United States. Therefore, this claim for relief under California law is brought on behalf of all members of the Class, whether or not they are California residents.

74.    Beginning on a date unknown to plaintiffs, but at least as early as July 1, 2001, and continuing thereafter at least up through the present, defendants committed and continue to commit acts of unfair competition, as defined by Sections 17200, *et seq.* of the California

18

1    Business and Professions Code, by engaging in the acts and practices specified above.

2         75.    This Claim is brought pursuant to Sections 17203 and 17204 of the California

3    Business and Professions Code, to obtain restitution from these defendants for acts, as

4    alleged herein, that violated Section 17200 of the California Business and Professions Code,

5    commonly known as the Unfair Competition Law.

6         76.    The defendants' conduct as alleged herein violated Section 17200.  The acts,

7    omissions, misrepresentations, practices and non-disclosures of defendants, as alleged herein,

8    constituted a common continuous and continuing course of conduct of unfair competition by

9    means of unfair, unlawful and/or fraudulent business acts or practices within the meaning of

10   California Business and Professions Code, Section 17200, *et seq.,* including, but not limited

11   to, the following:

      a.    The violations of Section 1 of the Sherman Act, as set forth above;

      b.    The violations of Section 16720, *et seq.,* of the California Business and Professions Code, set above;

      c.    Defendants' acts, omissions, misrepresentations, practices and non-disclosures, as described above, whether or not in violation of Section 16720, *et seq.* of the California Business and Professions Code, and whether or not concerted or independent acts, are otherwise unfair, unconscionable, unlawful or fraudulent;

      d.    Defendants' act and practices are unfair to consumers of GPU  in the State of California and throughout the United States, within the meaning of Section 17200, California Business and Professions Code; and

      e.    Defendants' acts and practices are fraudulent or deceptive within the meaning of Section 17200 of the California Business and Professions Code.

27        77.    Plaintiffs and each of the Class members are entitled to full restitution and/or

28   disgorgement of all revenues, earnings, profits, compensation and benefits which may have

1    been obtained by defendants as a result of such business acts or practices.

2         78.    The illegal conduct alleged herein is continuing and there is no indication that

3    defendants will not continue such activity into the future.

4         79.    The unlawful and unfair business practices of the defendants, and each of

5    them, as described above, have caused and continue to cause plaintiffs and the members of

6    the Class to pay supra-competitive and artificially-inflated prices for NAND Flash.  Plaintiffs

7    and the members of the Class suffered injury in fact and lost money or property as a result of

8    such unfair competition.

9         80.    The conduct of defendants as alleged in this Complaint violates Section 17200

10   of the California Business and Professions Code.

11        81.    As alleged in this Complaint, defendants and their co-conspirators have been

12   unjustly enriched as a result of their wrongful conduct and by defendants' unfair competition.

13   Plaintiffs and the members of the Class are accordingly entitled to equitable relief including

14   restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits

15   which may have been obtained by defendants as a result of such business practices, pursuant

16   to the California Business and Professions Code, Sections 17203 and 17204.

17                        **Fourth Claim for Relief**

18            **(Violation of State Antitrust and Unfair Competition Laws)**

19        82.    Plaintiffs incorporate and reallege, as though fully set forth herein, each and

20   every allegation set forth in the preceding paragraphs of this Complaint.

21        83.    By reason of the foregoing, defendants have entered into agreements in

22   restraint of trade in violation of Alabama Code §§8-10-1 *et seq.*

23        84.    By reason of the foregoing, defendants have entered into agreements in

24   restraint of trade in violation of Arizona Revised Stat. §§44-1401 *et seq.*

25        85.    By reason of the foregoing, defendants have entered into agreements in

26   restraint of trade in violation of California Bus. & Prof. Code §§16700 *et seq.* and Cal. Bus.

27   & Prof. Code §§17200 *et seq.*

28

CLASS ACTION COMPLAINT

86.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of District of Columbia Code Ann. §§28-4503 *et seq.*

87.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Iowa Code §§553.1 *et seq.*

88.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Kansas Stat. Ann. §§50-101 *et seq.*

89.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§1101 *et seq.*

90.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Michigan Comp. Laws. Ann. §§445.773 *et seq.*

91.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Minnesota Stat. §§325D.52 *et seq.*

92.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Mississippi Code Ann. §75-21-1 *et seq.*

93.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Nebraska Rev. Stat. §§59-801 *et seq.*

94.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Nevada Rev. Stat. Ann. §§598A *et seq.*

95.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of New Mexico Stat. Ann. §§57-1-1 *et seq.*

96.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of North Carolina Gen. Stat. §§75-1 *et seq.*

97.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of North Dakota Cent. Code §§51-08.1-01 *et seq.*

98.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of the Pennsylvania common law.

99.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of South Dakota Codified Laws Ann. §§37-1 *et seq.*

1      100.    By reason of the foregoing, defendants have entered into agreements in

2  restraint of trade in violation of Tennessee Code Ann. §§47-25-101 *et seq.*

3      101.    By reason of the foregoing, defendants have entered into agreements in

4  restraint of trade in violation of Vermont Stat. Ann. 9 §§2453 *et seq.*

5      102.    By reason of the foregoing, defendants have entered into agreements in

6  restraint of trade in violation of West Virginia §§47-18-1 *et seq.*

7      103.    By reason of the foregoing, defendants have entered into agreements in

8  restraint of trade in violation of Wisconsin Stat. §§133.01 *et seq.*

9      104.    Class Members in each of the states listed above paid supra-competitive,

10  artificially inflated prices for NAND Flash.  As a direct and proximate result of defendants'

11  unlawful conduct, such members of the Class have been injured in their business and

12  property in that they paid more for NAND Flash used in the manufacture of consumer

13  products than they otherwise would have paid in the absence of defendants' unlawful

14  conduct.

## Fifth Claim for Relief

### (Violation of State Consumer Protection and Unfair Competition Laws)

17      105.    Plaintiffs incorporate and reallege, as though fully set forth herein, each and

18  0every allegation set forth in the preceding paragraphs of this Complaint.

19      106.    Defendants engaged in unfair competition or unfair, unconscionable,

20  deceptive or fraudulent acts or practices in violation of the state consumer protection and

21  unfair competition statutes listed below.

22      107.    Defendants have engaged in unfair competition or unfair or deceptive acts or

23  practices in violation of Alaska Stat. §§45.50.471 *et seq.*

24      108.    Defendants have engaged in unfair competition or unfair or deceptive acts or

25  practices in violation of Arkansas Code §4-88-101 *et seq.*

26      109.    Defendants have engaged in unfair competition or unfair or deceptive acts or

27  practices in violation of California Bus. & Prof. Code §17200 *et seq.*

28

110.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of District of Columbia Code §28-3901 *et seq.*

111.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Florida Stat. §501.201 *et seq.*

112.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Rev. Stat. §480 *et seq.*

113.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code §48-601 *et seq.*

114.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kansas Stat. §50-623 *et seq.*

115.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Louisiana Rev. Stat. §51:1401 *et seq.*

116.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Maine Rev. Stat. §207 *et seq.*

117.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Montana Code §30-14-101 *et seq.*

118.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nebraska Rev. Stat. §59-1601 *et seq.*

119.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New Mexico Stat. §57-12-1 *et seq.*

120.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New York Gen. Bus. Law §349 *et seq.*

121.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of North Carolina Gen. Stat. §75-1.1 *et seq.*

122.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Oregon Rev. Stat. §646.605 *et seq.*

123.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Rhode Island Gen. Laws. §6-13.1-1 *et seq.*

1      124.    Defendants have engaged in unfair competition or unfair or deceptive acts or

2  practices in violation of South Carolina Code Laws §39-5-10 *et seq.*

3      125.    Defendants have engaged in unfair competition or unfair or deceptive acts or

4  practices in violation of Utah Code §13-11-1 *et seq.*

5      126.    Defendants have engaged in unfair competition or unfair or deceptive acts or

6  practices in violation of 9 Vermont §2451 *et seq.*

7      127.    Defendants have engaged in unfair competition or unfair or deceptive acts or

8  practices in violation of West Virginia Code §46A-6-101 *et seq.*

9      128.    Defendants have engaged in unfair competition or unfair or deceptive acts or

10  practices in violation of Wyoming Stat. §40-12-105.

11      129.    Class members in the states listed above paid supra-competitive, artificially

12  inflated prices for NAND Flash.  As a direct and proximate result of defendants' unlawful

13  conduct, plaintiffs and the members of the Class have been injured in their business and

14  property in that they paid more for NAND Flash used in the manufacture of consumer

15  products than they otherwise would have paid in the absence of defendants' unlawful

16  conduct.

17                        **Sixth Claim for Relief**

18              **(Unjust Enrichment and Disgorgement of Profits)**

19      130.    Plaintiffs incorporate and reallege, as though fully set forth herein, each and

20  every allegation set forth in the preceding paragraphs of this Complaint.

21      131.    Defendants have been directly and unjustly enriched through overpayments by

22  plaintiffs and Class members and the profits enjoyed by defendants as a direct result of such

23  overpayments.

24      132.    Under common law principles of unjust enrichment, defendants should not be

25  permitted to retain the benefits conferred via overpayments by plaintiffs and Class members.

26      133.    Plaintiffs seek disgorgement of all profits resulting from such overpayments

27  and establishment of a constructive trust from which plaintiffs and Class members may seek

28  restitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class request as follows:

A.     that this Court declare, adjudge, and decree this action to be a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class defined herein;

B.     that this Court declare, adjudge, and decree that Defendants have committed violations of the Sherman Antitrust Act and the Clayton Act as alleged herein;

C.     that this Court declare, adjudge, and decree that Defendants have committed violations of state antitrust and consumer protection laws alleged herein;

D.     that this Court award Plaintiffs and the Class treble damages for Defendants' violation of Indirect Purchaser States' antitrust laws in an amount to be determined at trial;

E.     that this Court award Plaintiffs and the Class their actual damages for Defendants' violation of Consumer Protection Statutes, in an amount to be determined at trial;

F.     that this Court grant Plaintiffs and the Class the actual costs in prosecuting this action, together with interest and reasonable attorney's fees and costs;

G.     that this Court award Plaintiffs and the Class the return of overpayments made by them for Defendants' NAND Flash memory modules;

///
///
///
///
///
///
///
///
///
///

CLASS ACTION COMPLAINT

1    H.    that this Court grant such further and other relief as this Court deems just and

2 proper.

3 Dated: September 24, 2007                     Respectfully submitted,

4

5                                              By _____

6                                              Francis O. Scarpulla (41059)
                                               Craig C. Corbitt (83251)
7                                              Judith A. Zahid (215418)
                                               Qianwei Fu (242669)
8                                              ZELLE HOFMANN VOELBEL MASON &
                                               GETTE LLP
9                                              44 Montgomery Street, Suite 3400
10                                             San Francisco, CA 94104
                                               Telephone:    (415) 693-0700
11                                             Facsimile:    (415) 693-0770
                                               fscarpulla@zelle.com
12                                             ccorbitt@zelle.com

13                                             Christopher Lovell
14                                             Craig M. Essenmacher
                                               Keith Essenmacher
15                                             LOVELL STEWART HALEBIAN LLP
                                               500 Fifth Avenue, Floor 58
16                                             New York, NY 10110
                                               Telephone:    (212) 608-1900
17                                             Facsimile:    (212) 719-4677

18
                                               Attorneys for Plaintiffs
19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trail by jury for all issues so triable.

Dated:  September 24, 2007

Respectfully submitted,

By _Craig Corbitt_

Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Judith A. Zahid (215418)
Qianwei Fu (242669)
ZELLE HOFMANN VOELBEL MASON &
GETTE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:   (415) 693-0700
Facsimile:    (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

Christopher Lovell
Craig M. Essenmacher
Keith Essenmacher
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, Floor 58
New York, NY 10110
Telephone:   (212) 608-1900
Facsimile:    (212) 719-4677

Attorneys for Plaintiffs

#3170459v1

CLASS ACTION COMPLAINT